ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| FLOR PHILIPPI, FLOR DELGADO, HAYDEE DELGADO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES CONDOMINIO SOL Y PLAYA y CONSEJO DE TITULARES DEL CONDOMINIO SOL Y PLAYA<br><br>Recurrido | KLRA202500174 | *Revisión Judicial*<br>Procedente del Departamento de Asuntos del Consumidor<br><br>Querella:<br>C-MAY-2023-0004703<br><br>Sobre:<br>Ley de Condominios |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2025.

Flor Philippi, Flor Delgado y Haydee Delgado (en adelante y en conjunto, recurrente) nos solicitan la revisión de la *Resolución,* emitida el 15 de enero de 2025 por el Departamento de Asuntos del Consumidor (en adelante, DACo o agencia recurrida). En esta, DACo desestimó la querella presentada por la recurrente contra la Junta de Directores y el Consejo de Titulares del Condominio Sol y Playa (en adelante y en conjunto, recurridos o Consejo de Titulares).

Evaluado el recurso ante nos, *se confirma* la *Resolución* recurrida.

## I.

El Consejo de Titulares aprobó una derrama el 5 de octubre de 2019 para comenzar la reconstrucción de las áreas recreativas

Número Identificador
SEN2025 _____

en el Condominio Sol y Playa, ubicado en Rincón, Puerto Rico.[1] Para ello, estos obtuvieron un Permiso de Construcción Consolidado, núm. 2020-344034-PCOC-010841. No obstante, el 14 de febrero de 2022 el Tribunal de Primera Instancia emitió una *Sentencia*, en el caso civil AG2021CV00945, mediante la cual, declaró nulo este permiso, y ordenó la paralización de las obras comenzadas, la demolición de aquellas que fueron realizadas, y la remoción de los escombros.[2] De igual forma, el Foro Primario ordenó a que se devolviese a su estado natural el área afectada dentro de un término de ciento veinte (120) días.

Posteriormente, el 28 de febrero de 2023, DACo emitió una *Resolución Sumaria,* mediante la cual declaró nula y dejó sin efecto la derrama que había sido aprobada el 5 de octubre de 2019 por los recurridos.[3] Así también, ordenó a los recurridos devolver a los querellantes el dinero que hubiesen pagado por concepto de la derrama anulada.

Por consiguiente, el 8 de julio de 2023, el Consejo de Titulares celebró una Asamblea Extraordinaria, mediante la cual aprobó una derrama de quinientos mil dólares ($500,000.00) con el propósito de cumplir con la orden del Tribunal de Primera Instancia.[4] No obstante, la recurrente, quien es la titular de un apartamento en el Condominio Sol y Playa, no asistió a la asamblea, ni estuvo representada por proxy.[5]

En desacuerdo con lo aprobado, el 3 de agosto de 2023, la recurrente, mediante una carta dirigida a la Junta de Directores del Condominio, se opuso a la derrama.[6] En síntesis, alegó que la

---

[1] Apéndice, pág. 115.
[2] Apéndice, pág. 044-061.
[3] Apéndice, pág. 032-043.
[4] Apéndice, pág. 116.
[5] Apéndice, pág. 116.
[6] Apéndice, pág. 081.

asamblea no contó con el quórum necesario y que la derrama equivalía a una mejora, por lo cual necesitaba la unanimidad de los votos de los titulares. En adición, arguyó que la *Resolución Sumaria* emitida por DACo el 28 de febrero de 2023, la eximía del pago de cualquier derrama posterior que fuera relacionada a la anulada.

Así las cosas, el 7 de agosto de 2023, la recurrente presentó una querella ante DACo contra el Consejo de Titulares.[7] Mediante esta, en síntesis, adujo que la asamblea celebrada el 8 de julio de 2023 no fue conforme a derecho por no haber el quórum necesario. Alegó que, al haberse opuesto a la derrama previamente anulada por DACo, estaba exenta de cumplir con la derrama actual. La querella fue notificada y remitida por correo por DACo el 18 de octubre de 2023.[8]

Más adelante, el 8 de julio de 2024, la recurrente presentó una *Moción Solicitando Anotación de Rebeldía*.[9] Mediante esta, adujo que el Consejo de Titulares, a la fecha del escrito, no había presentado su respuesta a la querella en su contra, por lo cual, DACo debía anotarle la rebeldía.

No obstante, ese mismo día, el Consejo de Titulares presentó una *Contestación a Moción al Amparo la Regla 16 del Reglamento Número 8034 del DACo.*[10] En esta, el recurrido adujo que no recibió notificación de la querella inicial. Además, solicitó la desestimación de la reclamación de la recurrente, por esta no haber asistido a la asamblea que impugnaba ni haber estado representada por proxy. Razonó que la recurrente tampoco presentó una razón que justificara su ausencia a la reunión. Así

---

[7] Apéndice, pág. 082.
[8] Apéndice, pág. 083.
[9] Apéndice, pág. 109.
[10] Apéndice de la oposición, pág. 3.

también, el Consejo de Titulares afirmó que la asamblea en controversia se celebró conforme la dispuesto por la Ley de Condominios, Ley Núm. 129-2020, 31 LPRA sec. 1921 *et seq.*

Acogida la querella y con la comparecencia de ambas partes, el 14 de noviembre de 2024, DACo celebró una vista administrativa para dilucidar los planteamientos señalados por la recurrente.[11] Luego, el 15 de enero de 2025, DACo emitió la *Resolución* de la cual aquí se recurre.[12] Mediante esta, la agencia desestimó la querella de la recurrente y ordenó el cierre y archivo de esta. DACo concluyó que la recurrente no cumplió con los requisitos que exige la Ley de Condominios, *supra*, para impugnar la asamblea y la derrama aprobada.

De las determinaciones de hechos surge, que la recurrente declaró que no compareció a la asamblea porque sentía que había un ambiente hostil, además de argüir que la anulación de la derrama anterior la eximía del pago de la actual. Así, pues, DACo razonó que la recurrente no presentó una justa causa que excusara su incomparecencia a la asamblea en donde se aprobaron los acuerdos que pretendía impugnar. La agencia señaló que la querella de la recurrente se limitaba a reclamar su exención del pago de la derrama aprobada, mas no la asamblea per se en donde se aprobó esta. En adición a esto, DACo ultimó que la recurrente no presentó fundamento ni planteó una violación a la Ley de Condominios, *supra*, al defender sus planteamientos, más allá de argumentar que la anulación de la derrama anterior la eximia en el presente. Por lo cual, DACo concluyó lo siguiente:

> […]
>
> A base de lo anterior, se concluye que la parte querellante no cumplió con el requisito de impugnar

---

[11] Apéndice, pág. 114.
[12] Apéndice, págs. 114-124.

la asamblea y los acuerdos logrados en la misma donde se aprobó la correspondiente derrama. La parte querellante no compareció a la Asamblea del 8 de julio de 2023, y no presentó una razón justificada para su incomparecencia a la Asamblea. El ambiente hostil que percibe la querellante no es razón justificada para dejar de asistir a la Asamblea del Condominio donde es titular.

Conforme al Artículo 65 de la Ley Núm. 129-202[0], en el caso de la impugnación de acuerdos del Consejo de Titulares, el querellante tendrá que acreditar que estuvo presente o representado en la asamblea en que se tomó el acuerdo que impugna y que votó en contra de este, si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada. La parte querellante no probó que su ausencia estuvo justificada, por lo cual procede la desestimación de la presente querella.[13]

En desacuerdo, el 5 de febrero de 2025, la recurrente presentó una *Moción Solicitando Reconsideración*.[14] Entre otras cosas, esta planteó que había sido clasificada como un titular deudor, lo cual le impidió ejercer su derecho al voto en las asambleas, y creó un ambiente hostil que afectó su seguridad personal y su capacidad de participar activamente en los procesos. La recurrente razonó que estas circunstancias eran suficientes para justificar su ausencia a la asamblea.

Al DACo no expresarse sobre la reconsideración presentada, la recurrente presentó un *Recurso de Revisión* ante nos el 24 de marzo de 2025.   Mediante este, señaló la comisión de los siguientes errores:

**PRIMERO:** ERRÓ DACO AL CONCLUIR QUE LA PARTE QUERELLANTE-RECURRENTE NO CUMPLIÓ CON EL REQUISITO DE IMPUGNAR LAS ASAMBLEAS Y LOS ACUERDOS LOGRADOS EN LAS MISMAS, DONDE SE APROBARON LAS CORRESPONDIENTES DERRAMAS; Y, QUE LA PARTE QUERELLANTE NO EXPRESÓ EN SU QUERELLA HABER COMPARECIDO A LAS ASAMBLEAS Y HABER VOTADO EN CONTRA DE LAS DERRAMAS QUE SE NIEGA A PAGAR. IGUALMENTE, DE NO HABER COMPARECIDO, TAMPOCO EXPRESÓ UNA RAZÓN JUSTIFICADA PARA SU INCOMPARECENCIA A LAS ASAMBLEAS.

**SEGUNDO:** ERRÓ DACO AL DESESTIMAR LA QUERELLA DEL EPÍGRAFE AL CONCLUIR QUE LA PARTE QUERELLANTE-

---

[13] Apéndice, pág. 122.
[14] Apéndice, págs. 125-148.

RECURRENTE TIENE LA OBLIGACIÓN DE ASUMIR LA DERRAMA EN CONTROVERSIA, AL OBVIAR LO DISPUESTO POR EL ARTÍCULO 65 DE LA LEY DE CONDOMINIOS QUE EXIME A LA PARTE QUERELLANTE, COMO PARTE VENCEDORA/VICTORIOSA, DEL PAGO DE MULTAS Y PENALIDADES, Y QUE LA DERRAMA DEBE SER CONSIDERADA COMO UNA MULTA PARA TODOS LOS EFECTOS DEL ARTÍCULO 65 DE LA LEY DE CONDOMINIOS.

**TERCERO:** ERRÓ DACO AL NO ANOTAR LA REBELDÍA AL QUERELLADO-RECURRIDO, DE ACUERDO CON LA REGLA 8.1 DEL REGLAMENTO NÚMERO 8034 DE PROCEDIMIENTOS ADJUDICATIVOS DEL MISMO, QUE ESTABLECE QUE EL QUERELLADO DEBERÁ CONTESTAR LA QUERELLA EN EL TÉRMINO DE VEINTE (20) DÍAS A PARTIR DE LA NOTIFICACIÓN, ADVIRTIENDO QUE, DE NO RECIBIRSE LA CONTESTACIÓN A LA QUERELLA EN DICHO TÉRMINO SE LE ANOTARÁ LA REBELDÍA.

Posteriormente, el 28 de abril de 2025, el recurrido presentó su alegato en oposición al recurso presentado. En síntesis, este plantea que la decisión de DACo se basó en el expediente y que, conforme a lo decidido por la agencia, la recurrente incumplió con los requisitos del Artículo 65 de la Ley de Condominios, *supra*, para poder impugnar la derrama y la asamblea, ya que esta no compareció a la asamblea ni tuvo una razón justificada para ausentarse. Por otro lado, el Consejo de Titulares aduce que no hay fundamento para eximir a la recurrente del pago de la derrama, y que la anotación de la rebeldía no procedía, pues este actuó de manera diligente durante el procedimiento.

**II.**

**A.**

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Katiria's Café, Inc. v. Municipio Autónomo de San Juan, 2025 TSPR 33, 215 DPR ___ (2025); Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico, 2024 TSPR 138, 215 DPR ___

(2024); <u>Otero Rivera v. USAA Fed. Savs. Bank</u>, 2024 TSPR 70, 214 DPR __ (2024); <u>Voilí Voilá Corp. et al v. Mun. Guaynabo</u>, 213 DPR 743, 754 (2024); <u>Hernández Feliciano v. Mun. Quebradillas</u>, 211 DPR 99, 114 (2023); <u>Rolón Martínez v. Supte. Policía</u>, 201 DPR 26, 35 (2018); <u>Torres Rivera v. Policía de PR</u>, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente evidencia para derrotarla. <u>Katiria's Café, Inc. v. Municipio Autónomo de San Juan</u>, supra; <u>Otero Rivera v. USAA Fed. Savs. Bank</u>, supra; <u>OEG v. Martínez Giraud</u>, 210 DPR 79, 89 (2022); <u>Capó Cruz v. Jta. Planificación et al.</u>, 204 DPR 581, 591 (2020); <u>Torres Rivera v. Policía de PR</u>, *supra*, pág. 626; <u>Batista, Nobbe v. Jta. Directores</u>, 185 DPR 206, 215 (2012).

Para así lograrlo, corresponde a la parte que las cuestiona "demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración." <u>Graciani Rodríguez v. Garage Isla Verde</u>, 202 DPR 117, 128-129 (2019); <u>Camacho Torres v. AAFET</u>, 168 DPR 66, 91 (2006).

Por tanto, la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. <u>OEG v. Martínez Giraud</u>, *supra*, pág. 89; <u>González Segarra et al. v. CFSE</u>, 188 DPR 252, 277 (2013). La jurisprudencia ha definido la evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como

adecuada para sostener una conclusión". OEG v. Martínez Giraud, *supra*, pág. 90; Batista, Nobbe v. Jta. Directores, *supra*, pág. 216. Así, el criterio rector en estos casos siempre estará guiado por la razonabilidad de la determinación administrativa luego de considerar el expediente administrativo en su totalidad. OEG v. Martínez Giraud, *supra*, pág. 89.

Para la encomienda de la revisión judicial, la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675, (en adelante, LPAU) dispone que los tribunales se ceñirán a evaluar (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia. Otero Rivera v. USAA Fed. Savs. Bank, *supra*; Hernández Feliciano v. Mun. Quebradillas, *supra*, pág. 115; Moreno Lorenzo y otros v. Depto. Fam., 207 DPR 833, 839-840 (2021); Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico, supra; Voilí Voilá Corp. v. Mun. Guaynabo, *supra*, págs. 754-755;

Hernández Feliciano v. Mun. Quebradillas, *supra*, pág. 114; Torres Rivera v. Policía de PR, *supra*, pág. 628. Es decir que el criterio administrativo se descartará cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Mun. Quebradillas, *supra*, pág. 116; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*, pág. 36.

**B.**

La Ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como Ley Orgánica del Departamento de Asuntos del Consumidor, 3 LPRA sec. 341, *et seq.*, estableció en la agencia una estructura de adjudicación administrativa "con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho". 3 LPRA sec. 341e(d); Ortiz Rolón v. Soler Auto Sales, et al., 202 DPR 689, 696 (2019); Amieiro González v. Pinnacle Real Estate, 173 DPR 363, 372 (2008).

Como parte de sus funciones, el DACo aprobó el Reglamento Núm. 8034 de 13 de julio de 2011 (en adelante, Reglamento 8034). Este fue creado con el propósito de, "asegurar la solución justa, rápida y económica de las querellas presentadas ante o por el Departamento y proveer un procedimiento uniforme para su adjudicación." Regla 1 del Reglamento 8034.

En cuanto a la desestimación de las querellas, la Regla 10.1 del Reglamento 8034 dispone como sigue:

> El Departamento podrá ordenar al querellante que muestre causa por la cual no deba desestimarse la querella, a iniciativa propia o a solicitud del querellado, si la querella no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, por falta de jurisdicción, o por cualquier otro fundamento que en Derecho proceda. En caso de desestimación, el Departamento orientará al

querellante sobre los remedios legales que tiene disponibles para proteger sus intereses.

Ahora bien, cuando se trata de controversias que se susciten bajo la Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921, *et seq.* (en adelante, Ley de Condominios) le concedió jurisdicción a DACo para atender las querellas de los titulares. Específicamente sobre las impugnaciones de acciones u omisiones de la Junta de Directores, el Administrador Interino y los Acuerdos y Determinaciones del Consejo, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, establece lo siguiente:

> […]
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.

De igual forma, en cuanto a la presentación de acciones de impugnación, el Artículo 66 de la Ley de Condominios, 31 LPRA sec. 1923k, dispone que:

> El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda. […]

Así pues, "la jurisdicción exclusiva conferida a DACo no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de propiedad horizontal". Consejo Cond. Plaza del Mar v. Jetter, 169 DPR 643, 662 (2016) DACo tiene jurisdicción para resolver las controversias que surjan por acciones u omisiones de la Junta de un condominio, así como

sobre los actos que no sean de carácter voluntario o que afecten más allá de los intereses personales y privados de los titulares o de los condominios. *Íd.*; Srio. D.A.C.O. v. J. Condóminos C. Martí, 121 DPR 807, 816 (1988).

## C.

La Ley de Condominios de Puerto Rico se promulgó con el propósito de viabilizar la propiedad individual sobre una unidad de apartamento que forma parte de un inmueble sometido al régimen de propiedad horizontal. Artículo 2 de la Ley de Condominios, 31 LPRA sec. 1921a. Mediante esta, se estatuyó el derecho de cada titular al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades. *Íd*.

Atinente a lo que nos ocupa en cuanto a las impugnaciones de acciones u omisiones de la Junta de Directores, el Administrador Interino y los Acuerdos y Determinaciones del Consejo, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, establece, en lo aquí pertinente, lo siguiente:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> [...]

[…] En el caso de la impugnación de acuerdos del Consejo de Titulares **tendrá que acreditar que estuvo presente o representado en la asamblea en que se tomó el acuerdo que impugna y que votó en contra de este. Si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada.**

(Énfasis nuestro).

## D.

Con relación a la anotación de la rebeldía de una parte, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V. dispone lo siguiente:

"Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)…"

No cabe duda de que el propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. Martínez v. Inst. Cardiopulmonar, 213 DPR 221, 228 (2023); Mitsubishi Motor v. Lunor y otros, 212 DPR 807, 823 (2023); Álamo v. Supermercado Grande, Inc., 158 DPR 93, 100 (2002). Después de todo la rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. Nuestro ordenamiento jurídico permite que el tribunal "motu proprio" o a solicitud de parte, anote la rebeldía por no comparecer a contestar la demanda o a defenderse. El efecto de la anotación es severo,

se dan por ciertos los hechos correctamente alegados en la demanda.

No obstante, el Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales no están exentos de evaluar, si la causa de acción presentada amerita la concesión del remedio solicitado. Bco. Popular v. Andino Solís, 192 DPR 172, 179 (2015). Los foros judiciales no son meros autómatas que quedan obligados a conceder indemnizaciones atender un caso en rebeldía. Martínez v. Inst. Cardiopulmonar, *supra*, pág. 229; Álamo v. Supermercado Grande, Inc., *supra,* pág. 102. De este modo, "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba". Álamo v. Supermercado Grande, Inc., *supra*, pág. 101; Hernández v. Espinosa, 145 DPR 248, 272 (1998). Además, ha de quedar claro que un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante, así como que tampoco el demandado en rebeldía admite hechos incorrectamente alegados ni conclusiones de derecho. Martínez v. Inst. Cardiopulmonar, *supra*, pág. 230; Álamo v. Supermercado Grande, Inc., *supra,* pág. 102; Continental Ins. Co. v. Isleta Marina, 106 DPR 809, 817 (1978).

Por su parte, la Sección 3.10 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, dispone que una parte que no comparezca a un procedimiento adjudicativo, luego de haber sido debidamente citada, podrá ser declarada en rebeldía.

Cónsono con lo anterior y atinente a lo que nos ocupa, la Regla 8.1 del Reglamento Núm. 8034 de DACo establece lo siguiente:

El Departamento notificará a todos aquellos querellados la querella radicada en su contra. Esta

notificación será un aviso escrito de que el querellado deberá contestar la querella en el término de veinte (20) días a partir de la notificación, advirtiendo además que de no recibirse la contestación a la querella en dicho término se le anotará la rebeldía. […]

A la luz de la mencionada normativa, evaluamos.

### III.

La recurrente señala que DACo incidió al desestimar su querella y al concluir que esta no cumplió con los requisitos para impugnar la asamblea, por esta no haber comparecido ni haber demostrado que tenía una razón que justificara su ausencia. Además, la recurrente aduce que la derrama impugnada constituye una multa para los efectos el Artículo 65 de la Ley de Condominios, *supra,* por lo que arguye que debe ser exenta de su pago. Por último, la recurrente plantea que DACo falló al no anotarle la rebeldía a los recurridos. Por estar relacionados, discutiremos el primer y segundo señalamiento en conjunto.

Del caso ante nos emana que DACo celebró una vista administrativa para dilucidar los planteamientos esbozados en la querella presentada por la recurrente relacionados a la asamblea del 8 de julio de 2023 y la derrama aprobada en esa reunión. En esta vista, la recurrente tuvo la oportunidad de presentar prueba que apoyara sus reclamos. No obstante, surge de las determinaciones de hechos de la *Resolución* recurrida, que la recurrente testificó haberse ausentado a la asamblea que pretendía impugnar. Para excusarse, alegó la existencia de un ambiente hostil por habérsele clasificado como titular deudora, y, por consiguiente, limitarle el derecho al voto.

La Ley de Condominios, *supra*, es clara al esbozar que para que un titular pueda impugnar una determinación hecha por el Consejo de Titulares, este debe haber estado presente o

representado en la asamblea en que se tomó la decisión en controversia. De ausentarse y haber estado debidamente notificado, como ocurrió en el caso ante nos, el titular debe probar que su ausencia estuvo justificada. En el caso de marras, DACo consideró que la razón que la recurrente presentó no era una que justificara su ausencia.

Los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que estas poseen sobre los asuntos que se les han delegado. No surge del expediente que la agencia haya actuado de forma irrazonable, arbitraria o ilegal al llegar a su conclusión. Al aplicar las normas de revisión judicial de una decisión administrativa al caso de autos, procede concluir que el dictamen de DACo fue razonable y no requiere nuestra intervención.

Con relación al tercer error señalado por la recurrente, conforme a la normativa esbozada, la anotación de la rebeldía tiene el propósito de desalentar el uso de la dilación como estrategia de litigación. Surge del expediente que, a pesar de no responder a la querella presentada por la recurrente dentro del término de veinte (20) días que esboza el Reglamento Núm. 8034, *supra*, DACo optó por no anotarle la rebeldía y le aceptó la Contestación presentada. De la prueba ante nos, no surge que el comportamiento del recurrido haya ocasionado una dilación de los procesos.

No empecé lo anterior, aun cuando DACo le hubiese anotado la rebeldía al Consejo de Titulares, ese hecho por sí solo no hubiera tenido el efecto de hacer que la recurrente prevaleciera en su reclamo. Pues, es responsabilidad de los foros adjudicativos evaluar la prueba presentada y determinar si la parte tiene

derecho a un remedio. Es decir que, independientemente de que se le hubiese anotado la rebeldía al recurrido, la recurrente tenía el peso de la prueba. En el caso ante nos, DACo celebró la vista administrativa, en la cual la recurrente tuvo la oportunidad de defender sus reclamos. No obstante, la agencia determinó que la recurrente incumplió con los requisitos de la Ley de Condominios, *supra*, para poder impugnar la asamblea en controversia.

Así, entonces, evaluado el expediente que obra ante nos y los planteamientos de ambas partes, no vemos razón por la cual debemos intervenir en la determinación de la agencia recurrida. Por lo cual, confirmamos la *Resolución* de DACo.

## IV.

Por los fundamentos antes expuestos, confirmamos la *Resolución Sumaria* emitida por DACo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones